## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

RICHARD CRAWFORD,  )
    Plaintiff,  )
      )
v.  )    Civ. No. 2:24-cv-02756-SHM-tmp
      )
AMY P. WEIRICH, ET AL.,  )
    Defendants.  )

**ORDER GRANTING MOTION TO AMEND (ECF No. 9), DISMISSING SECOND AMENDED COMPLAINT, DENYING MOTION TO FREEZE DEFENDANTS' ASSETS (ECF No. 5), CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND CLOSING CASE**

On October 10, 2024, Plaintiff Richard Crawford, Tennessee Department of Correction ("TDOC") prisoner number 229762, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* civil complaint, alleging claims under 42 U.S.C. § 1983 and state law, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 6.)

Crawford filed an amended complaint on December 30, 2024. (ECF No. 4.) On January 6, 2025, Crawford filed a motion seeking to "freeze" Defendants' assets. (ECF No. 5.) On March 31, 2025, Crawford filed a motion to amend his complaint again and attached a proposed second amended complaint. (ECF No. 9.) The Court GRANTS Crawford's motion to amend as a matter of course. *See* Fed. R. Civ. P. 15(a).

For the reasons that follow, the § 1983 claims in Crawford's second amended complaint are DISMISSED WITH PREJUDICE.  The Court declines to exercise supplemental jurisdiction over Crawford's state law claims.  Crawford's motion to freeze Defendants' assets is DENIED.

## I.    **BACKGROUND**

Crawford alleges that he was wrongfully convicted of robbing Mike Murfik in 2009. (ECF No. 9 at PageID 114.)  Crawford alleges that Mike Murfik died in 1999 and that the "true identity" of the robbery victim was Abdel Murfik, "a federally convicted felon for cocaine." (*Id*. at PageID 115.)  Crawford alleges that the police "fabricated and falsified reports" and hid the robbery victim's true identity.  (*Id*.)  Crawford alleges that the prosecution colluded with the police in hiding the victim's true identity because the prosecution did not want to "run the risk of not getting a conviction" by "putting a bad witness on the witness stand."  Therefore, the prosecution allowed Abdel Murfik "to proceed under the identity of his dead father."  (*Id*.)  Crawford alleges that he was wrongfully convicted of the robbery of Mike Murfik and other crimes and sentenced to 37 years in prison.  (*Id*.)

Crawford alleges the following claims under § 1983: (1) "fabrication of false evidence" in violation of Crawford's right to due process under the Fourteenth Amendment; (2) "suppression and withholding of exculpatory evidence" in violation of the Fourteenth Amendment; (3) unlawful arrest in violation of the Fourth and Fourteenth Amendments;  (4) malicious prosecution, in violation of the Fourth and Fourteenth Amendments; (5) "failure to intervene" to prevent the violation of Crawford's constitutional rights; (6) conspiracy to deprive Crawford of his constitutional rights; and (7) "supervisory liability" against the District Attorney General.  (*Id*. at PageID 124-28.)

Crawford alleges state law claims of: (1) malicious prosecution, (2) intentional infliction of emotional distress, (3) civil conspiracy, (4) *respondeat superior*, and (5) indemnification. (*Id*. at PageID 128-29.)

Crawford sues defendants: (1) Amy P. Weirich, the former District Attorney General; (2) Steve Mulroy, the current District Attorney General; (3) Pamela Stark-Fleming, Assistant District Attorney General; (4) Vicki Carriker, Assistant District Attorney General; (5) Michael Working; (6) Raymond Lepone, Deputy District Attorney General; (7) James R. Newsome, III, Special Counsel for the District Attorney General; (8) Jennifer Mitchell, Shelby County Criminal Court Judge; (9) Trini L. Dean, Shelby County Sheriff; (10) Jason Valentine, former Shelby County Sheriff; (11) Herbert H. Slatery, III, the former Attorney General for the State of Tennessee; (12) Robert Wilson, Assistant Attorney General; (13) Abdel Murfik; and (14) Maria Lopez-Murfik. (ECF No. 1 at PageID 1.) Crawford sues all Defendants in their individual and official capacities. (*Id*.)

Crawford seeks an unspecified amount of compensatory damages, "attorneys' fees, costs, and pre and post-judgment interest" against each Defendant, and "dismissal of all charges." (ECF No. 9 at PageID 130.)

## II.   SCREENING THE COMPLAINT

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## B. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Crawford sues under 42 U.S.C. § 1983. (ECF No. 9 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970).

## III.  **ANALYSIS**

### A.  **The § 1983 Claims**

Crawford's claims under § 1983 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The TDOC's Felony Offender Information Website shows that Crawford is serving a 37-year sentence for especially aggravated robbery, employing a firearm during the commission of a dangerous felony, and attempted second degree murder. (*See* https://foil.app.tn.gov/foil/search.jsp (TDOC ID# 229762) (last accessed Apr. 21, 2025).) Crawford's § 1983 claims call into question the validity of his convictions, which have not been reversed, expunged, declared void, or otherwise called into question. Crawford's claimed constitutional violations are not cognizable under § 1983 and are DISMISSED WITH PREJUDICE. *See Heck*, 512 U.S. at 487.

### B.  **State Law Claims**

Crawford alleges various state law claims in his second amended complaint, including malicious prosecution, intentional infliction of emotional distress, and civil conspiracy. (ECF No. 9 at PageID 128-29.) "If there is some basis for original jurisdiction, the default assumption [under

28 U.S.C. § 1367(a)] is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (internal quotation marks, alteration, and citation omitted). District courts have discretion under § 1367(a) about whether to exercise supplemental jurisdiction over related state law claims. *Gamel v. Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including values of judicial economy, convenience, fairness, and comity." *Id.* at 951 (internal quotation marks and citation omitted). Here, those factors weigh against the exercise of supplemental jurisdiction.

The Court DECLINES to exercise supplemental jurisdiction over Crawford's claims arising under state law because the Court is dismissing the second amended complaint's § 1983 claims with prejudice, and it is not in the interest of judicial economy or comity for the Court to hear and determine Crawford's state law claims.

## IV.    **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

6

The Court DENIES leave to amend. Crawford cannot cure the deficiencies in the second amended complaint because all of his § 1983 claims are barred by *Heck*.

## V.    <u>**APPELLATE ISSUES**</u>

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Crawford would not be taken in good faith. If Crawford nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with § 1915(a)-(b).

## VI.    <u>**CONCLUSION**</u>

For the reasons explained above:

A.    Crawford's § 1983 claims are DISMISSED WITH PREJUDICE for failure to allege facts stating a claim on which relief can be granted. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)-(2). Crawford's § 1983 claims are barred by *Heck*, and the Court declines to exercise supplemental jurisdiction over Crawford's state law claims.

B.    Leave to amend is DENIED.

C.    Because the Court is dismissing Crawford's second amended complaint, Crawford's motion to freeze Defendants' assets (ECF No. 5) is DENIED.

D.    The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed *in forma pauperis* on appeal.

E.    This case is DISMISSED  in its entirety.

IT IS SO ORDERED, this _25th_ day of April, 2025.

_/s/ Samuel H. Mays, Jr._

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE